UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY HATTON, DAVID GARCIA, VUVINNOE DARKESE, VINCE MARTINEZ, ABUNWA COOPER, and BERNARDO SOTO, INDIVIDUALLY AND ON BEHALF OF THEMSELVES AND A PROPOSED CLASS OF SIMILARLY SITUATED PERSONS, | § § § § § § § § | |
| | § | Civil Action No. 25-3373 |
| Plaintiffs, | § § § § § § | |
| v. | § | |
| RICKY SHULER TRUCKING, INC. RICKY SHULER, JEFFREY MARONEN, and DANIEL SANCHEZ, | § § § § | JURY DEMANDED |
| Defendants | § § | |

**DEFENDANTS' PARTIAL RULE 12(b)(6) MOTION TO DISMISS**

Defendants Ricky Shuler Trucking, Inc. ("**RST**"), Ricky Shuler, Jeffrey Maronen, and Daniel Sanchez (the "**Individual Defendants**") submit this Partial Rule 12(b)(6) Motion to Dismiss.

1

## SUMMARY OF ARGUMENT

1.    Defendants move this Court to enter an order under Rule 12(b)(6) dismissing Plaintiffs' claims against the Individual Defendants, the breach-of-contract claim, and the fraud claim.

2.    Plaintiffs try to tag the Individual Defendants with personal liability under Texas Tax Code § 171.255, which imposes personal liability on a corporation's officers and directors for any debts incurred while the corporation's corporate privileges are suspended. Under Texas law, damages arising out of a contract are treated as having been incurred at the time the contract is executed, even if, for example, breach occurs during the suspension of corporate privileges. **Plaintiffs allege that all the OOLAs were executed at a time when RST's corporate privileges were in place.** By Plaintiffs' own admission, there is no basis for personal liability under section 171.255; it therefore cannot serve as a basis for the Individual Defendants' personal liability.

3.    Plaintiffs next improperly rely on 49 C.F.R. § 390.13 as a basis for imposing individual liability. The regulation prohibiting individuals from aiding and abetting in a TILR violation does not trump the common law intra-corporate conspiracy doctrine, which bars treating corporate

officers and employees as co-conspirators with a corporation. Plaintiffs expressly plead that the Individual Defendants at all times were acting solely in their capacities as "directors and officers" of RST. Accordingly, Plaintiffs cannot rely on 49 C.F.R. § 390.13 as the premise for holding the Individual Defendants personally liable to the Plaintiffs. Because Plaintiffs fail to allege a legitimate basis for the personal liability of any of the Individual Defendants, the Court should dismiss the claims against.

4.     As to Plaintiffs' breach-of-contract claim, they do not allege that RST violated any provisions in the Owner Operator Lease Agreements ("OOLAs"). They instead assert that RST's alleged violations of the Truth-in-Leasing regulations ("TILR") also constitute a breach of contract.  But Texas law requires breach of the actual contract executed between the parties; violating a regulation does not constitute a breach of contract. The Court should dismiss the breach-of-contract claim.

5.     Plaintiffs' fraud claims fare no better. Disregarding Rule 9(b)'s heightened pleading requirements for fraud, Plaintiffs offer no factual allegations to support their conclusory claim that RST had a duty to disclosure to the Plaintiffs and equivocate on precisely what, if

3

anything, RST was supposed to disclose. They also plainly fail to allege justifiable reliance and cursorily allege damages as "including without limitation consequential damages." The Court should dismiss Plaintiffs' fraud claim under Rule 12(b)(6).

## BACKGROUND

6.      This case arises from a series of standardized OOLAs between Defendant RST and truck drivers who leased equipment to haul freight. [DE 10 at ¶¶6–8].[1] Plaintiffs do not allege that RST failed to perform any obligation expressly contained in the OOLAs. [DE 10 at ¶¶9–11]. Instead, they contend that the OOLAs are deficient because they omit terms required by the TILR, 49 C.F.R. Part 376. [DE 10 at ¶¶9–11, 402]. The apparent implication is that the omitted regulatory provisions should be deemed incorporated into every OOLA and that RST's alleged failure to comply with them constitutes both breach of contract and fraud. [DE 10 at ¶¶9–11, 402, 408].

7.      Specifically, Plaintiffs assert that the OOLAs fail to contain TILR compliant terms relating to compensation[2]  and relating to

---

[1] For purposes of this motion only, Defendants treat as true the well-pleaded factual allegations in the Complaint.

[2] [DE 10 at ¶¶85–377].

possession, control, and use of the "equipment."[3] On this basis, Plaintiffs attempt to repackage alleged regulatory violations as claims for breach of contract and fraud, even though they do not identify any specific, as-written provision in the OOLA that RST actually breached or any false statement by RST on which they relied.

8.     Plaintiffs also attempt to impose personal liability on RST's officers through Texas Tax Code § 171.255. That statute makes a corporation's "director[s] or officer[s]" personally "liable for each debt of the corporation that is created or incurred" while the corporation's corporate privileges are forfeited "for the failure to file a report or pay a tax or penalty." [DE 10 at ¶¶429–435]. Plaintiffs allege that RST's corporate privileges were forfeited between May 2024 and July 2025 and refer to this time as the "Period of Personal Liability." [DE 10 at ¶¶ 431–432]. Plaintiffs allege, however, the named plaintiffs executed their OOLA *outside* the "Period of Personal Liability." [DE 10 at ¶¶ 19–24].

9.     Plaintiffs also seek to impose personal liability on the Individual Defendants through 49 C.F.R. § 390.13. [DE 10 ¶¶ 420–428].

---

[3] [DE 10 at ¶¶378–386].

That regulation states, "No person shall aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter." Plaintiffs allege that the Individual Defendants, *in their capacity as RST directors or officers*, aided, abetted, encouraged, or required RST to violate the TILRs. [DE 10 at ¶427]. Plaintiffs make no allegations against the Individual Defendants in their personal capacities or otherwise outside the scope of their corporate authority. [DE 10 at ¶¶ 420–428].

## LEGAL ARGUMENT

10.    To avoid dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists only when the factual content alleged permits the court to draw a reasonable inference that the defendant is liable for the misconduct described; "a sheer possibility" of liability will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

11.    Although courts accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff, they need not accept as true legal conclusions couched as facts, unwarranted deductions, or conclusory statements. *See id.* (citing *Bell Atl. Corp. v.*

6

*Twombly*, 550 U.S. 544, 555 (2007)). "Labels," "formulaic recitations of the elements," and "threadbare" assertions unsupported by factual matter cannot support a claim for relief. *Id.* at 663, 678.

## I.    Plaintiffs' claims against the Individual Defendants should be dismissed pursuant to Rule 12(b)(6).

12.    Plaintiffs advance two invalid theories that are meant to expand the alleged liability to encompass the Individual Defendants. The first theory is based on Tax Code § 171.255 and the other is based on 49 CFR 390.13. Because both theories are invalid, the Court should dismiss the claims against the Individual Defendants under Rule 12(b)(6).

### A. Plaintiffs allege that the OOLAs were executed when RST's tax status was active, which forecloses personal liability under Texas Tax Code § 171.255.

13.    Plaintiffs invoke Texas Tax Code § 171.255[4] in an attempt to impose personal liability on RST's officers. The statute provides that when a corporation fails to pay franchise taxes and forfeits its corporate privileges, each director or officer becomes liable "for each debt of the corporation that is created or incurred in this state after the date" of

---

[4] Section 171.255 by its plain terms does not authorize causes of action against corporate officers and directors. It makes them liable for debts incurred while the corporate status is forfeited. "Debts" under a contract, under well-settled Texas law, arise when the contract is executed, not when the contract is breached.

forfeiture and before privileges are revived. TEX. TAX CODE § 171.255(a). The statute is penal in nature and must be strictly construed in favor of the individual. *Willis v. BPMT, LLC*, 471 S.W.3d 27, 33 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

14.    Plaintiffs expressly allege that they executed the OOLAs when RST's corporate status was active and in good standing. [*Compare* DE 10 at ¶¶19–24, *with* ¶¶429–435]. On their own pleadings, then, any debts arising under those agreements were "created or incurred" at the time of execution—not after forfeiture. This is fatal to their claim as to individual liability.

15.    The Texas courts have long held that for purposes of section 171.255, a corporate "debt" is created when the underlying contract is executed, even if breach occurs later. *Willis*, 471 S.W.3d at 31–32 (lease obligations "created and incurred" when lease was signed in 2006, not when rent later went unpaid after forfeiture); *McKinney v. Anderson*, 734 S.W.2d 173, 174–75 (Tex. App.—Houston [1st Dist.] 1987, no writ) (same); *River Oaks Shopping Ctr. v. Pagan*, 712 S.W.2d 190, 192 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (same).

16.    The Complaint seeks to extend liability by pointing to alleged breaches of the OOLAs that occurred after RST's corporate privileges were forfeited. But as *Willis* makes clear, section 171.255 has "no application to obligations arising or renewed prior" to forfeiture, even where breach occurs later. The "creation" of the "debt" occurs at the time of contracting, not at the time of nonpayment. *Willis*, 471 S.W.3d at 32; *Schwab v. Schlumberger Well Surveying Corp.*, 198 S.W.2d 79, 81 (Tex. 1946). Plaintiffs' own allegations establish that the OOLAs were executed while RST's charter was active. This forecloses any personal liability of the Individual Defendants for breach of the OOLAs. Plaintiffs' claims against the Individual Defendants based on section 171.255 should be dismissed under Rule 12(b)(6).

### B. The intra-corporate conspiracy doctrine forecloses personal liability under 49 C.F.R. 390.13.

17.    Plaintiffs also seek to impose personal liability on the Individual Defendants through 49 C.F.R. § 390.13.[5] This theory also fails

---

[5] Unlike liability under Texas Tax Code § 171.255, which makes an officer and director jointly and severally liable for *any* corporate debt by operation of law, aiding and abetting must be tethered to specific cause of actions by a factual basis. Plaintiffs allege that, through 49 C.F.R. § 390.13, the Individual Defendants are "jointly and severally liable for RST's violations of the TILR." It is not clear if Plaintiffs are claiming that the Individual Defendants are purportedly liable on only the first cause of action [DE 10 at ¶¶387–399] or if they are intending to impose joint and several liability on the Individual Defendants for all of their claims. [DE 10 at ¶¶387–419].

as a matter of law because it runs headlong into the intra-corporate conspiracy doctrine. Section 390.13 prohibits one from "aiding, abetting, encouraging, or requiring" regulatory violations. The intra-corporate conspiracy doctrine holds that a corporation—through its officers, employees, or other agents—cannot conspire, aide, or abet itself in some wrongful conduct. *Kirksey v. Nat'l Multiple Sclerosis Soc'y*, No. 4:24-CV-871, 2024 WL 5248426, at *3 (S.D. Tex. Oct. 10, 2024).[6] The doctrine rests on the reality that the acts of corporate agents are legally the acts of the corporation itself. Alleging a conspiracy between the corporation and its employees is tantamount to alleging that the corporation conspired with itself, which is an impossible act. *Id.*; *see also In re Legendary Field Exhibitions, LLC*, No. 19-50900-CAG, 2023 WL 7852657, at *16–17 (Bankr. W.D. Tex. Nov. 13, 2023) (intra-corporate conspiracy doctrine applies equally to aiding-and-abetting claims).

18.    The Complaint alleges that Individual Defendants, *in their capacity as RST's officers and directors*, "aided, abetted, and encouraged"

---

To the extent Plaintiffs intended the latter, Defendants' arguments for dismissal of the breach-of-contract and fraud claims would apply equally to the Individual Defendants.

[6] Report and recommendation adopted, No. 4:24-CV-00871, 2024 WL 5247158 (S.D. Tex. Dec. 30, 2024)

TILR violations. [DE 10 at ¶¶422, 427]. Because Plaintiffs allege that these individuals acted on behalf of the corporation, Plaintiffs cannot claim that they aided and abetted RST in violating the TILRs. RST's officers and directors cannot aid and abet RST's alleged violation of the TILRs. Under the intra-corporate conspiracy doctrine, that theory fails as a matter of law.[7] Plaintiffs cannot circumvent the intra-corporate conspiracy doctrine by citing 49 C.F.R. § 390.13. The Court should therefore dismiss the claims against the Individual Defendants pursuant to Rule 12(b)(6).

## II.    The Court should dismiss Plaintiffs' breach of contract and fraud claims pursuant to Rule 12(b)(6) because the factual allegations are insufficient to support such claims.

### A. Plaintiffs' factual allegations do not support a breach of contract claim.

19.    To state a claim for breach of contract under Texas law, plaintiffs must plead (1) the existence of a valid contract; (2) their own performance; (3) breach by the defendant; and (4) damages. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex.

---

[7] Furthermore, 49 U.S.C. 14704(a)(2) authorizes suits against "carriers" and "brokers." There are no allegations that any of the Individual Defendants are "carriers" or "brokers." For this separate reason, the Court should dismiss the Individual Defendants under Rule 12(b)(6).

11

2019). Courts consistently reject breach claims where plaintiffs do not identify the specific contractual provision that was broken, but instead reframe alleged statutory or regulatory violations as contractual breaches. *See BITX Transp. Servs., LLC v. Forward Transp. Servs., LLC*, 2021 WL 4990805, at \*4 (N.D. Tex. Oct. 27, 2021) (rejecting effort to treat Truth-in-Leasing regulations as implied lease terms absent express contractual language); *Thicklin v. Caliber Home Loans, Inc.*, 2019 WL 3536831, at \*8 (N.D. Tex. July 16, 2019) (dismissing claim where plaintiff alleged only violation of RESPA, not breach of deed of trust terms); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) (contract and statutory duties are distinct).

20.    Plaintiffs do not allege that RST failed to perform any obligation contained in the OOLAs. They instead allege that the OOLAs contain terms that violate the TILRs or "wholly omit" terms required by the TILRs. [DE 10 at ¶¶41, 43]. Plaintiffs apparently presume, without explanation, that the OOLAs are somehow revised to comply with the TILRs.   [DE 10 at ¶¶400–404]. Plaintiffs effectively claim that RST breached nonexistent OOLAs that incorporate the TILRs. [DE 10 at ¶¶400–404].

21.    This theory fails for two reasons. First, Texas law prohibits Plaintiffs from converting a regulation into a contractual obligation without identifying the OOLA provision that explicitly incorporates the regulation as a contractual provision. *See Thicklin*, 2019 WL 3536831, at *8. Second, there is no reason that the TILRs sidestep this principle of Texas law. Even if the TILRs create duties enforceable through statutory remedies, that does not transform those duties into contractual obligations enforceable through common-law breach actions. *See BITX*, 2021 WL 4990805, at *3–4 (rejecting identical attempt to bootstrap Truth-in-Leasing regulations into lease terms).

22.    Plaintiffs' allegations amount to nothing more than the assertion that RST violated federal leasing regulations. Those assertions cannot state a plausible breach-of-contract claim. Because Plaintiffs fail to allege that RST breached the OOLAs as written, the Court should dismiss their contract claim under Rule 12(b)(6).

## B. Plaintiffs' factual allegations do not support a fraud claim.

23.    To plead fraud under Texas law, the plaintiff must allege:

(1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not

13

have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the non-disclosure, which resulted in injury.

*CBE Grp., Inc. v. Lexington Law Firm*, 993 F.3d 346, 353 (5th Cir. 2021) (citing *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219 (Tex. 2019)). Further, as a general matter, "there is no duty to disclose without evidence of a confidential or fiduciary relationship." *Id.*

24. Federal Rule of Civil Procedure 9(b) imposes an additional requirement: the circumstances constituting fraud must be pled with particularity, including the "who, what, when, where, and how" of the alleged misrepresentation. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). "In the corporate context, 'plaintiffs must plead when each defendant or other corporate officer learned that a statement was false, how that defendant learned that the statement was false, and the particular document or other source of information from which the defendant came to know that the statement was false.'" *Holland v. CryptoZoo Inc.*, No. 1:23-CV-00110-ADA-RCG, 2025 WL 2492970, at *5 (W.D. Tex. Aug. 14, 2025).

14

25.    The Complaint does not allege any actionable fraud. Plaintiffs assert, in conclusory fashion, that "RST . . . had a duty under the TILR to disclose certain information to Plaintiffs . . . ." [DE 10 at ¶406]. Plaintiffs do not allege that RST held a confidential or fiduciary relationship that would impose a duty to disclose, let alone allege facts sufficient to support the existence of such a relationship. [DE 10 at ¶406]. Fiduciary duties arise "as a matter of law in certain formal relationships," such as "attorney-client, partnership, and trustee relationships." *Bombardier*, 572 S.W.3d at 220. "A confidential relationship is one in which the 'parties have dealt with each other in such a manner for a long period of time that one party is justified in expecting the other to act in its best interest.'" *Id.* (quoting *Ins. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998)). Plaintiffs' insufficient allegation as to RST's duty is alone grounds for dismissing the fraud claim.

26.    Plaintiffs also equivocate as to precisely what RST failed to disclose. They cite, as a purported example of RST's failure to disclose, their allegation that the OOLAs violate the TILRs because they do "not specify that payment to the RST Contractor shall be made within 15 days

after submission of the necessary delivery documents concerning a trip in the service of RST." [DE 10 at ¶408 (citing ¶89)]. It is unclear whether Plaintiffs are alleging that RST had a duty to disclose that the OOLA "failed to comply with the TILR" with respect to payment terms, or if RST had some general duty to disclose the existence of the TILR itself. [DE 10 at ¶¶406–407]. This failure to allege with specificity the "what" is another basis for dismissal.

27.    Justifiable reliance and damages are also essential elements of a claim for fraud by nondisclosure. *CBE Grp.*, 993 F.3d at 353. Plaintiffs do not allege justifiable reliance, and their damages allegation reads, in its entirety, "Plaintiffs have suffered damages, including without limitation consequential damages, plus pre-judgment interest, post-judgment interest, and costs as provided by law." [DE 10 at ¶¶405–412]. *Cf. On Site Container & Compactor Repair, Inc. v. BFI Waste Services of Tex., LP*, No. 4:20-CV-03394, 2021 WL 4095146, at *4 (S.D. Tex. Aug. 19, 2021)[8] ("A bare bones assertion" that defendant's "false representations directly and proximately caused injury . . . , resulting in

---

[8] Report and recommendation adopted, No. 4:20-CV-03394, 2021 WL 4087610 (S.D. Tex. Sept. 7, 2021)

damages" constitutes "nothing more than a formulaic recitation of the elements" that will not survive a 12(b)(6) challenge.). Plaintiffs' insufficient reliance and damages allegations are additional, independent bases for dismissal of their fraud claim.

28.    The insufficiencies in Plaintiffs' allegations expose that they are repackaging the alleged regulatory violations as fraud. Because Plaintiffs fail to satisfy Rule 9(b)'s heightened pleading standard, this Court should dismiss the fraud claim under Rule 12(b)(6).

## PRAYER

For the foregoing reasons, Defendants respectfully request that the Court, pursuant to Rule 12(b)(6), dismiss the following claims:

    A. all claims against the Individual Defendants;

    B. the breach of contract claim; and

    C. the fraud claim.

Defendants further seek all other relief to which they are entitled by law or equity.

17

Respectfully submitted,

**BURFORD PERRY, LLP**

*/s/ Robert R. Burford*

_____

Robert R. Burford
State Bar No. 03371700
rburford@burfordperry.com
Brent C. Perry
State Bar No. 15799650
bperry@burfordperry.com
Zachary R. Carlson
State Bar No. 24116165
zcarlson@burfordperry.com
909 Fannin Street, Suite 2630
Houston, Texas 77010
Telephone: (713) 401-9790
Facsimile: (713) 993-7739

### CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, I provided a copy of this document to opposing counsel via the Court's electronic filing system.

*/s/ Brent C. Perry*

_____

Brent C. Perry

18